## Carrell v. George

*Clinton R. Weidner*, for plaintiffs.
*Irwin Albert*, for defendants.

### ADJUDICATION

JACOBS, J., November 1, 1963.—

*Statement of the Pleadings and the Issues Raised*

The pleadings in this case consist of a complaint and an answer thereto. The complaint asks to have defend-

ants enjoined from conducting a public accounting business in conjunction with their residence at 914 Drexel Hill Boulevard, New Cumberland, Pa. An injunction is asked for on the basis of the building and use restrictions applicable to Drexel Hills, a development in the Borough of New Cumberland where plaintiffs and defendants all reside. In their answer defendants admit that they are public accountants but deny that they are conducting a public accountancy business in their home. A trial was held before the chancellor on October 25, 1961. After the transcript of the testimony was filed requests for findings of fact and conclusions of law were submitted by both plaintiffs and defendants. The case was argued on September 10, 1963.

In their testimony defendants admit that they are using one room of their home for the purpose of preparing tax returns and doing general accounting work in the course of which they see clients by appointment. They further admit that they store their accounting files in the basement of their home.

The issue to be determined may be stated as follows. Do the building and use restrictions imposed on Drexel Hills prohibit the use of a part of a home by the owner thereof for the purpose of interviewing clients and performing accounting work for them?

### Findings of Fact

3. The building and use restrictions to which defendants' lot is subject provide, inter alia, as follows:

"1. All lots shown on the plan of Highland Park Hills, section 1, shall be residential lots, except church or park areas shown on said plan, and no lot or building thereon shall be used for business or commercial purposes. No structure shall be erected on any residential building lot other than one detached single-family dwelling not to exceed two stories in height and one or

two-car private garage or carport. Use of a part of a residence by a physician or dentist as a professional office shall be permitted."

4. Said restrictions also provide:

"11. No sign of any kind shall be displayed to the public view on any lot except one professional sign of not more than one (1) square foot, one sign of not more than five (5) square feet advertising the property for sale or rent, or signs used by a builder to advertise the property during the construction and sales period."

5. Defendants conduct accounting and tax consulting activities at their home using a part of their residence.

6. Both defendants render accounting services to their clients, and defendant, Russell H. George, is 71 years of age, and defendant, Natalie G. George, is 58 years of age.

7. In the years 1960 and 1961, defendants grossed approximately $8,000 each year from their accounting services.

8. The premises owned by defendants contain three signs of which two are in the front of the premises and the other in the rear. The signs in the front of the premises are 15 inches in width and 7 inches in height, and 17⅝ inches in width and 5-9/16 inches in height, respectively. Such signs bear the words "George and George—Entrance" and "Office", respectively.

9. Neither defendant is a certified public accountant.

10. Defendant, Russel H. George, had some schooling in accounting but does not have a degree, and has had 30 years experience in the accounting field.

### Discussion of the Questions of Fact and Law Involved

It is not necessary to discuss the questions of fact because the facts have for the most part been agreed

upon by the parties. We have made no finding in regard to alleged business activities of D. Lester Weidner and Harry S. Claypool, because there is hardly any evidence of such activity and in view of our disposition of this case it has no bearing on the issue. It is in the legal conclusions to be drawn from the facts where the parties differ.

The principles applicable to a determination in regard to the enforcement of building and use restrictions have been enunciated by the Pennsylvania Supreme Court on many occasions. They were interpreted and summarized by Chief Justice Stern in Jones v. Park Lane for Convalescents, Inc., 384 Pa. 268, as follows, on page 272:

"However variously phrased, they are, in substance, that restrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the courts will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner."

This statement has been quoted and followed by the Supreme Court in other cases. See Siciliano v. Misler, 399 Pa. 406, and Ratkovich v. Randell Homes, Inc., 403 Pa. 63.

The restrictions in this case do not say that a lot shall be used for residential purposes only but say that all lots shall be residential lots and no lot or building thereon shall be used for business or commercial purposes. The second edition of Webster's New International Dictionary lists two definitions of business which are applicable. The first definition is "mercan-

tile transactions; buying and selling . . ." and the second definition is "a commercial or industrial establishment or enterprise . . ." Webster defines commercial in the following language: "of or pertaining to commerce; mercantile, hence, variously: occupied with commerce; engaged in trade, . . ." The accounting work done by these defendants in their home does not constitute a business or commercial use as defined above. Therefore, applying the principles laid down in Jones v. Park Lane, their use of a part of their house for their accounting services is not in violation of the restriction because it is not in plain disregard of the express words "business or commercial". Furthermore, the restrictions themselves show that the term "residential lots" was not intended to limit use to residential purposes in the strictest sense when specific wording permits a part of a residence to be used by a physician or dentist as a professional office. To broaden the meaning of the words "residential lots" by implication would violate the rules and principles set forth in Jones v. Park Lane.

However, while we are of the opinion that the use of a part of their home for their accounting services is not prohibited by the restrictions we believe that no signs may be exhibited which indicate that a portion of the premises is being used for accounting purposes. The restrictions say that no sign of any kind shall be displayed to the public on any lot except one professional sign of not more than one square foot. The part of the restrictions permitting advertising of the property for sale or rent and builder's signs is not applicable to our present situation. A reading of all the restrictions shows that this reference to a professional sign must refer to the portion of the restrictions allowing use of a part of a residence by a physician or dentist as a professional office. The sentence permitting use for a professional office is limited to physicians or

dentists. While we are not willing to limit the use of part of the house to an office for a physician or dentist we are not willing to extend the privilege of having a sign beyond its express limitations. It must be kept in mind that basically the purpose of the restrictions was that the lots be residential in character. Use of a portion of a dwelling on a lot for the accounting services rendered by defendants does not destroy that residential character, but the erection of signs indicating any use other than residential does tend to detract from the residential character. We will not extend the prohibitions of the restrictions beyond their express words but neither will we enlarge an obvious exception to the prohibitory part of the restrictions.

While we have held that the accounting work of defendants is not using a dwelling for business or commercial purposes, we are not willing to say that it is using a part of a dwelling for professional purposes so as to permit the erection of a sign. Defendants contend they are practicing a profession. Even if the provision in regard to a sign should be interpreted to permit any professional person using a part of his dwelling for his office to erect a sign we are not willing to classify the accounting work of defendants as a profession. While defendants may be extremely proficient in performing their work and do advise persons in a professional manner the Commonwealth of Pennsylvania has provided by statute how a person may become a professional accountant. That statute is "The C. P. A. Law" of May 26, 1947, P.L. 318, sec. 1, as amended 63 PS §9.1, et seq. Since this convenient method of determining professional proficiency in the accounting world exists it should be used as a yardstick of measurement. Otherwise we might be asked to determine that anyone who sets himself up to do income tax returns is an accountant, or anyone who might have been a bookkeeper and decides to offer his services to

the general public is a professional man. No standards for determining who is a professional in the field of accounting exist aside from those fixed by The C. P. A. Law, supra.

### Conclusions of Law

1. The building and use restrictions imposed on Drexel Hills do not prohibit the use of a part of defendants' residence by the owners thereof for the purpose of interviewing clients and performing accounting work for them.

2. The building and use restrictions imposed on Drexel Hills do prohibit the display of any sign on the defendants' lot advertising the use being made of the premises.

3. Plaintiffs are not guilty of laches or of any other action on their part which would preclude them from bringing this action.

### Decree Nisi

And now, November 1, 1963, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. Defendants may continue to use a part of their residence at 914 Drexel Hill Boulevard, New Cumberland, Pa., for accounting and tax consulting purposes.

2. Defendants are ordered and directed to remove the three signs now erected on their lot and dwelling house which indicate the partial use being made of the dwelling for accounting purposes and are enjoined from hereafter erecting the same or similar signs.

Costs shall be paid one-half by plaintiffs and one-half by defendants.

This adjudication shall become part of the record of the case and the prothonotary shall give prompt notice of the filing of the same to the parties.